UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARGARET J. JOHNSON,

Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY,

Defendant.

______________________________________)

# COMPLAINT

The Plaintiff, MARGARET J. JOHNSON ("JOHNSON"), by and through her undersigned counsel, hereby sues AETNA LIFE INSURANCE COMPANY ("AETNA"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. JOHNSON brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. JOHNSON was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. AETNA is a corporation with its principal place of business in the State of Connecticut, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, AETNA, is authorized to and is doing business within the Southern District of Florida and “may be found” in the Southern District of Florida.

**FACTUAL ALLEGATIONS**

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to JOHNSON by AETNA.

6. JOHNSON was at all times material an employee of Southwest Airlines Co.

7. JOHNSON was at all times material a plan participant under the Southwest Airlines Co. BenefitsPlus Long Term Disability Plan, Group Policy GP-881927 (the “LTD Plan”), which was established by Southwest Airlines Co. and pursuant to which DEMPSEY is entitled to benefits. A copy of the LTD Plan has been attached hereto as Exhibit “A.”

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. AETNA is the insurer of benefits under the LTD Plan and was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, AETNA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, AETNA is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, JOHNSON is entitled to LTD benefits for the duration of her disability for so long as she remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan, the Test of Disability is as follows:

**Test of Disability**
(The following four paragraphs apply to all Employees except all other Non-contract, Stock Clerks, Flight Simulator Technicians, Flight Training Instructors and Dispatchers.)
*Own Occupation Period*
From the date that you first become disabled; and until Monthly Benefits are payable for 24 months; you will be deemed to be disabled on any day if; solely because of: disease or **injury**; either of the following applies to you:

- you are not able to perform the **material duties** of your **own occupation**; or
- your earnings from working in your **own occupation** are 80% or less of: your **adjusted predisability earnings**.

If your **own occupation** requires a professional or occupational license or certification of any kind; you will not be deemed to be disabled solely because of the loss of that: license or certification.

If you suffer a loss of **predisability earnings** as a result of the disclosure of any disease or **injury**; you will not be deemed to be disabled solely because of the loss of **predisability earnings**.

During the own occupation period; there is no limit on earnings from working in another occupation. If you work in another occupation while disabled from your **own occupation**; your monthly benefit may be adjusted as described on the Summary of Coverage; Benefit Adjustment While Disabled and Working.

*Any Reasonable Occupation Period*
After the first 24 months that any Monthly Benefit is payable during a period of disability; you will be deemed to be disabled on any day if; solely because of: disease or **injury**; either of the following applies to you:

- you are not able to work at any **reasonable occupation**; or
- your earnings from working in any occupation are 50% or less of: your **adjusted predisability earnings**.

13. Since approximately April 22, 2012, JOHNSON has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, JOHNSON made a claim to AETNA under the LTD Plan for disability benefits.

15. AETNA initially approved and paid JOHNSON’s LTD benefits from July 21, 2012 through February 26, 2016.

16. By way of a letter dated February 26, 2016, AETNA informed JOHNSON that her claim for continued LTD benefits had been denied and that additional LTD benefits would not be paid.

17. JOHNSON timely and properly appealed AETNA’s denial of February 26, 2016.

18. By letter dated December 21, 2016, AETNA notified JOHNSON of its decision to uphold its adverse determination denying her claim for LTD benefits and informed JOHNSON that no further appeals would be considered as her administrative remedies had been exhausted.

19. At all relevant times, JOHNSON complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

20. At all relevant times, solely because of disease or injury, JOHNSON has been not able to perform the material duties of her own occupation or her earnings from working in her own occupation are 80% or less of adjusted predisability earnings.

21. At all relevant times, solely because of disease or injury, JOHNSON has been not able to work at any reasonable occupation or her earnings from working in any occupation are 50% or less of adjusted predisability earnings.

22. At all relevant times, JOHNSON has been under the appropriate care and treatment of a doctor.

23. At all relevant times, JOHNSON was a Covered Person under the LTD Plan.

24. From February 27, 2016 to the present date, JOHNSON has not received benefits owed to her under the LTD Plan despite JOHNSON's right to these benefits.

25. AETNA has refused to pay JOHNSON LTD benefits since February 26, 2016.

26. At all relevant times, AETNA was the payer of benefits.

27. At all relevant times, AETNA was the "Insurance Company" identified throughout the LTD Plan.

28. At all relevant times, AETNA was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

29. At all relevant times, JOHNSON has been and remains Disabled and entitled to LTD benefits from AETNA under the terms of the LTD Plan.

30. JOHNSON has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

31. JOHNSON incorporates Paragraphs 1 through 31 as if fully set forth herein.

32. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

33. Pursuant to 29 U.S.C. §1132(a)(1)(B), JOHNSON, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

34. JOHNSON has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of AETNA's failure to pay her disability benefits.

35. JOHNSON has exhausted all administrative remedies under the LTD Plan.

36. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to JOHNSON at a time when AETNA knew, or should have known, that JOHNSON was entitled to those benefits under the terms of the LTD Plan, as JOHNSON was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of JOHNSON's claim for LTD benefits;

(c) After JOHNSON's claim was terminated in whole or in part, AETNA failed to adequately describe to JOHNSON any additional material or information necessary for JOHNSON to perfect her claim, along with an explanation of why such material is or was necessary.

(d) AETNA failed to properly and adequately investigate the merits of JOHNSON's disability claim and failed to provide a full and fair review of JOHNSON's claim.

37. JOHNSON believes and thereon alleges that AETNA wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which JOHNSON is presently unaware, but which may be discovered in this future litigation and which JOHNSON will immediately make AETNA aware of once said acts or omissions are discovered by JOHNSON.

38. Following the termination of benefits under the LTD Plan, JOHNSON exhausted all administrative remedies required under ERISA and JOHNSON has performed all duties and obligations on her part to be performed under the LTD Plan.

39. As a proximate result of the aforementioned wrongful conduct of AETNA, JOHNSON has damages for loss of disability benefits in a total sum to be shown at the time of trial.

40. As a further direct and proximate result of this improper determination regarding JOHNSON's claim for benefits, JOHNSON, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), JOHNSON is entitled to have such fees and costs paid by AETNA.

41. The wrongful conduct of AETNA has created uncertainty where none should exist; therefore, JOHNSON is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, MARGARET J. JOHNSON prays for relief against AETNA LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: March 14, 2017

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Alexander A. Palamara*

ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com